UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINTHIA JESSICA C.Q., <br><br> Petitioner, <br><br> v. <br><br> CORECIVIC INC., a Maryland corporation operating the California City Detention Center; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; MOISES BECERRA, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; CHRISTOPHER CHESTNUT, Warden of the California City Detention Center, <br><br> Respondents.[1] | No. 1:25-cv-01900-KES-SKO (HC) <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Doc. 3 |

---

[1] When a habeas petitioner challenges her present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Christopher Chestnut is the warden of the California City Detention Center. *See* California City Correctional Facility, CoreCivic, https://www.corecivic.com/facilities/california-city-correctional-facility (last accessed December 19, 2025). The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)"). The Court therefore joins Christopher Chestnut as a respondent to this action. In a one sentence footnote, respondents request that the Court strike and dismiss all other respondents. "Requests for affirmative relief must be made in a motion[,]" *Cheairs v. City of Seattle*, No. 2:21-CV-01343-LK, 2024 WL 1765663, at *8 (W.D. Wash. Apr. 24, 2024) (citing Fed. R. Civ. P. 7(b)), *aff'd*, 145 F.4th 1233 (9th Cir. 2025). While dismissal of certain of the other respondents may ultimately be warranted, respondents' request is not adequately briefed and their request is denied without prejudice.

## BACKGROUND

Petitioner Cinthia Jessica C.Q. is a 30-year-old noncitizen who entered the United States in November 2023 without inspection.[2]  Doc. 1-2 at 7–9 (record of deportable/inadmissible alien). Petitioner was initially arrested on a warrant and detained by immigration authorities. *See id.*; Doc. 1 at ¶ 18.  On November 15, 2023, immigration officials provided petitioner with a notice to appear for removal proceedings. *See* Doc. 1-2 at 3–4.  In the notice to appear, immigration officials designated her as "an alien present in the United States who has not been admitted or paroled"; they did not designate her as an "arriving alien." *Id.*  Immigration officials released petitioner on her own recognizance pending those removal proceedings.  Doc. 1-2 at 6.  They provided petitioner with a notice of custody determination which stated that she was being released "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act[,]" which is codified at 8 U.S.C. § 1226, "pending a final administrative determination in [her] case." *Id.*  Immigration officials also provided her with an order of release on recognizance which stated that she was being released "in accordance with" 8 U.S.C. § 1226, provided that she comply with certain conditions.  Doc. 1-2 at 11–13.

Following her release, petitioner lived in the United States and sought relief in her removal proceedings by filing an application for asylum.  Doc. 1 at ¶ 9.  Respondents do not dispute petitioner's assertion that she complied with all terms of her release.  *Id.*; *see* Doc. 8. Despite her compliance with the terms of her release, immigration authorities re-detained petitioner on October 15, 2025.  Doc. 1 at ¶ 20.  She is now detained at the California City Detention Center.  *Id.*

Several months before her detention, the Department of Homeland Security ("DHS") issued a policy which provides that all noncitizens who entered the United States without admission or parole are "applicants for admission" and therefore subject to 8 U.S.C. § 1225(b), a

---

[2] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only her first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

statutory provision which mandates detention. *Id.* ¶ 33. On December 8, 2025, an immigration judge found that petitioner was subject to section 1225(b)(2)(A) and was therefore ineligible for release on bond. Doc. 1-2 at 38–42.

On December 17, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary restraining order, Doc. 3, arguing, in count one of the petition, that her re-detention without a pre-deprivation bond hearing violates the Due Process Clause of the Fifth Amendment. The Court ordered respondents to show cause why the Court should not grant the motion for temporary restraining order as to count one of the petition. Doc. 7. The Court specifically directed respondents to address whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), and *J.A.E.M. v. Wofford*, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), or indicate the matter is not substantively distinguishable. Doc. 7.

Respondents filed a response to the order to show cause on December 19, 2025. Doc. 8. While respondents maintain their position that petitioner is subject to 8 U.S.C. § 1225(b)(2)(A), they confirm that they "reviewed the cases cited in the Court's minute order and acknowledge[] that this matter is not substantively distinguishable from the facts of those cases." Doc. 8 at 1–2.

## **CONVERSION OF THE MOTION**

In the Court's order to show cause, it ordered respondents to state their position on whether the motion for temporary restraining order should be converted to a motion for preliminary injunction and whether they requested a hearing on the motion. Doc. 7. Respondents did not object to converting the motion or request a hearing. *See* Doc. 8 at 2 n.2, 3.[3] Given that the standard for issuing a temporary restraining order and preliminary injunction is the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), and

---

[3] Respondents' opposition states that they "oppose granting either a temporary restraining order or a preliminary injunction," but indicates that, "given the similar legal standards, this filing contains the entirety of the Respondents' opposition to both forms of relief." Doc. 8 at 2 n.2. Respondents did not object to converting the motion to one for a preliminary injunction.

3

1 respondents had notice and opportunity to respond in opposition, *see* Docs. 12, 16, petitioner's
2 motion is converted to a motion for preliminary injunction.

### LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### DISCUSSION

As noted in the Court's order to show cause, this Court has previously addressed the legal issues raised by petitioner's claim in cases such as *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), and *J.A.E.M. v. Wofford*, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025). Respondents note in their response to the order to show cause that the present case is not substantively distinguishable from those cases, and respondents do not identify any distinguishing facts or legal arguments for the Court to address. *See* Doc. 8.

For the reasons stated in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), and *J.A.E.M. v. Wofford*, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), the Court finds that petitioner is likely to succeed on her claim that her re-detention, without a pre-deprivation bond hearing where the government must prove that she is a flight risk or danger to the community, violates her due process rights; that she will face irreparable harm in the absence of a preliminary injunction; and

1  that the balance of equities and public interest weigh in her favor.[4]

**ORDER**

Accordingly, petitioner's motion for a preliminary injunction, Doc. 6, is GRANTED. Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

This matter is referred to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated:   December 19, 2025

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Court need not assess for purposes of this motion whether petitioner is likely to succeed on claim two of her petition because petitioner is entitled to a preliminary injunction based on her showing as to claim one of the petition.