UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINTHIA JESSICA CONDOR QUISPE,<br><br>Petitioner,<br><br>v.<br><br>CORECIVIC, INC., et al.,<br><br>Respondents. | No. 1:25-cv-01900-SKO (HC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT CLOSE CASE AND ENTER JUDGMENT FOR PETITIONER** |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus. The parties have consented to the jurisdiction of a magistrate judge. (Docs. 9, 12, 13.) Accordingly, the petition will be adjudicated by the undersigned.

On December 17, 2025, Petitioner filed the instant petition, (Doc. 1), and a motion for temporary restraining order, (Doc. 3), contending in count one of the petition, that her re-detention without a pre-deprivation bond hearing violates the Due Process Clause of the Fifth Amendment. The District Court ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order as to count one of the petition. (Doc. 7.) The Court specifically directed Respondents to address whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), and J.A.E.M. v. Wofford, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), or

indicate the matter is not substantively distinguishable. (Doc. 7.)

Respondents filed a response to the order to show cause on December 19, 2025. (Doc. 8.) While Respondents maintained their position that Petitioner was subject to 8 U.S.C. § 1225(b)(2)(A), they confirmed that they "reviewed the cases cited in the Court's minute order and acknowledge[] that this matter is not substantively distinguishable from the facts of those cases." (Doc. 8 at 1–2.)

On December 19, 2025, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the injunction. (Doc. 10.) The Court determined that, for the same reasons stated in Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), and J.A.E.M. v. Wofford, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), Petitioner was likely to succeed on the merits of her claim that her re-detention without a pre-deprivation bond hearing violated her rights under the Due Process Clause of the Fifth Amendment. (Doc. 10 at 4.) The Court ordered Respondents to release petitioner immediately and enjoined and restrained Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified. (Doc. 10 at 5.) The matter was referred to the undersigned for further proceedings.

On January 20, 2026, the Court issued an order directing the parties to advise whether they intended to stand on the submissions to date, or whether the parties wished to provide additional briefing. On January 21, 2026, Petitioner filed a notice of intent to stand on submissions. (Doc. 15.) On January 23, 2026, Respondents filed an opposition. (Doc. 16.) In their opposition, Respondents expressed their intent to stand on the arguments made in their previous briefing; however, as they had in their opposition to the motion for injunctive relief, Respondents request that the case be stayed pending a decision in Rodriguez v. Bostock, 779 F.Supp.3d 1239 (W.D. Wash. 2025) (Ninth Cir. Dkt. No. 25-6842).

The Court has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the Court's order granting a preliminary injunction,

(Doc. 10), that Petitioner's re-detention without a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment.

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus, (Doc. 1), is GRANTED;

2) Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without at least ten days' notice and unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified; and

3) The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    **January 26, 2026**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE